## INTOXICATING LIQUORS—MUNICIPAL CORPORATIONS.

[Jackson (4th) Circuit Court, May 26, 1909.]

Cherrington, Jones and Walters, JJ.

### CHARLES H. SULLIVAN v. WELLSTON (CITY).

MUNICIPAL CORPORATIONS CANNOT REGULATE PLACES SELLING NONINTOXICATING DRINKS ONLY.

Municipal corporations have no power to impose restrictions upon or to regulate places where soft or non-intoxicating drinks only, are sold. The state has not delegated such power. Whether the state can do so, *quaere.*

[Syllabus by the court.]

ERROR to Jackson common pleas court.

T. S. Hogan, for plaintiff in error.
C. C. McCormick, city solicitor, for defendant in error.

This cause originated in the mayor's court of the city of Wellston. Sullivan was charged with the violation of a penal ordinance. He first filed a motion to dismiss the prosecution. This motion was, in effect, a demurrer to the affidavit. The motion having been overruled, he interposed a demurrer challenging the sufficiency of the affidavit. The demurrer being also overruled, upon a hearing consisting of an agreed statement of facts, the defendant was found guilty. The common pleas court affirmed this judgment, and a reversal is asked in this court.

From the bill of exceptions taken before the mayor, it appears that the city had passed an ordinance making it "unlawful for any person or persons keeping a place where malt liquors or other soft drinks are sold, to permit or allow any screen, blind, shutter, stained glass or other substance or device in the front of said room or place which prevents a full view of the interior of such room or place where such malt liquors or soft drinks are sold or furnished." The ordinance further provided that such rooms or places should be illuminated at nighttime and provided a penalty for its violation.

The affidavit charged the defendant with, "being the keeper of a place where malt liquors and other soft drinks, to wit: ginger ale, cider, pop and a beverage commonly known as temperance beer were sold" and with unlawfully permitting cloth blinds to remain on the front

Sullivan v. Wellston.

windows and allowing a screen to remain, which blinds and screen prevented a full view of the interior.

By the agreed statement it appears that defendant was the "keeper of a place where soft drinks were sold; that such drinks were ginger ale, sweet cider, pop and the beverage commonly known as temperance beer"; and that he permitted cloth blinds to remain on the front windows and a screen in front, which blinds and screen prevented a full view of the interior, and that these blinds and screen were in the same situation and condition as they had been for two or three years past.

JONES, J.

The sufficiency of the affidavit and validity of the ordinance are both challenged by the record. Plaintiff in error claims that the state has no power to regulate or restrict the use of property where purely soft drinks are sold, and if the state has such power, it has not delegated it to municipalities.

The inviolability of private property and its use has been guaranteed the private individual by the organic law of state and nation. This guarantee, however, is subject to the limitation that the state has the right to impose certain burdens upon the property and such restrictions upon its use as may be necessary to conserve the public health, morals, safety or public welfare. In the reasonable exercise of this police power, the individual right must give way to the common weal.

Passing for the moment the contention that the state has no right, in the exercise of its police power, to regulate or restrict the use of establishments where soft drinks are sold, we are confronted with the second claim that if it has, it has never delegated this power to municipal corporations; and that therefore any penal ordinance attempting to exercise this power of regulation is null and void.

The scope of power of municipal councils, in this respect, has been definitely and clearly fixed in this state by judicial authority. They are held to possess such powers only as are expressly granted by statute and such as may be implied as essential to carry into effect those which are expressly granted. Doubtful claims to power are resolved against corporations. *Ravenna* v. *Pennsylvania Co.* 45 Ohio St. 118 [12 N. E. Rep. 445].

The case at bar is not one where implied authority, under the rule, can apply; for it does not present a case where implied authority is invoked to carry into effect some other power which has been expressly

granted. To sustain the ordinance we must seek an express grant by the state, empowering the municipality to enact it. We have been unable to find where the state has expressly, or even impliedly delegated this power.

Some claim was made by the solicitor, but not very insistently, that Subd. 5 of Sec. 1692 (Lan. 3102; B. 1536-100) Rev. Stat. or Sec. 4364-20 might furnish the grant in question. But those sections, in clear terms, affect only the sale of intoxicating liquors and places where such are kept and sold. The statute was passed when such sale was not unlawful, as now in this and other counties of this state, and was designed for the regulation of the liquor traffic. They were not designed, when enacted, nor can they now be construed as a grant to regulate places where soft drinks or nonintoxicants are sold. Neither does the city ordinance in question seek to regulate places where such intoxicating liquors are kept or sold within the purview of those sections; nor does the affidavit charge the defendant with keeping a place where intoxicants are kept or sold.

The most insistent contention of the city solicitor, however, is that such delegation of express power may be found in Subd. 1 and 6 of Sec. 1536-100 Rev. Stat.

Subdivision 1 provides that counsel may pass an ordinance "to preserve the peace and good order." It is difficult to conceive how the requirements of the ordinance would conserve the peace and good order of the city. This provision of the statute means simply what it says and falls within the same general character of powers otherwise defined in that subdivision. There is even less force in this contention, than in the case of *Whitcomb* v. *Springfield (City)*, 2 Circ. Dec. 138 (3 R. 244), where it was attempted to prevent the sounding of an octave whistle under the express powers granted to the city—"to prevent noise," or to "preserve the peace and good order," or to abate a nuisance. What the learned judge says in that case as to statutory construction can well apply here. Furthermore the language of Judge Spear, in the case of *Ravenna* v. *Pennsylvania Co., supra,* as to the indirect method in the enforcement of the alleged power granted will also apply.

Neither does the power of regulation given by Subd. 6 of Sec. 1536-100 authorize the enactment of the ordinance. That authorizes councils "to regulate taverns and other houses of public entertainment." The use of these two terms in the same connection and in the same subdivision indicates that they are both of the same generic character. A tavern has been judicially defined to be a house licensed to

sell liquors in small quantities. *Schneider, In re*, 11 Ore. 288 [8 Pac. Rep. 289].

A tavern is a "house licensed to sell liquors to be drank on the spot. In some of the United States. tavern is synonymous with inn, or hotel, and denotes a house for the entertainment of travelers, as well as for the sale of liquors, licensed for that purpose." *Rafferty* v. *Insurance Co.* 18 N. J. L. 480, 484 [38 Am. Dec. 525].

The city ordinance applies to any *"place"* where soft drinks are sold, and does not attempt the regulation of either *"house"* or *tavern*.

The state has no inherent power to impose restrictions upon a business innocent in itself and lawful *per se*. If the private business, however, is affected with a public interest and if its use were conducted harmfully or would likely threaten harm to public morals, the police power of the state may then be invoked for the public good. The discretion of the state in its proper exercise will not be disturbed by the courts, unless the limitations imposed on the occupation are clearly unreasonable, arbitrary, evasive, or imposed under the guise of regulating a lawful occupation. It then remains for the state, in the imposition of burdens upon an occupation lawful and innocent *per se*, to frame a law sufficiently explicit to advise the individual of the nature of the restriction imposed on his calling, and so the courts may judge of its reasonableness.

Whether the state can require blinds and screens to be placed upon any place selling soft drinks as required by the ordinance in question, we are not called upon and we do not decide. It is enough that no such delegation of power has been granted to the city.

The claim for the validity of the ordinance rests upon the assumption that intoxicants may be sold in connection with soft drinks. Thus fastening a suspicion of future conduct upon the places in question, the ordinance proceeds to regulate the business by requiring blinds and screens to be removed and the place to be illuminated at night. As I have said, if this power is lodged anywhere, it is in the state. Under the broad terms of the ordinance, eating houses, lunch rooms, drug stores or any place where soft drinks are sold would all come under the ban of the ordinance.

A technical question arises on the record, whether the ordinance has been properly incorporated in the bill. Inasmuch as the city solicitor makes no complaint of that feature and waives it, and desires an adjudication on the merits, we do not consider it.

The judgment of the common pleas and mayor's courts are reversed with costs, and the cause is remanded to the mayor's court with

instructions to dismiss the prosecution at the costs of the defendant in error.

**Cherrington** and **Walters, JJ.,** concur.